**HCDistrictclerk.com**      SANTIAGO, MARTHA vs. VINSON, ARRON                6/9/2020
Cause: 202007218      CDI: 7      Court: 295

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 1/31/2020 | **Court** | 295th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686450 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Motor Vehicle Accident | **JudgeName** | DONNA ROTH |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 3/16/2020 | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| SANTIAGO, MARTHA | PLAINTIFF - CIVIL | | WILLIAMS, WINFIELD SHARP |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED | REGISTERED AGENT | | |

**EXHIBIT B**

## INACTIVE PARTIES

| Name | Type | | Post Jdgm | Attorney |
|------|------|---|-----------|----------|
| VINSON, ARRON | DEFENDANT - CIVIL | | | TULLOCH, TONI-ANN RHEA |

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 6/5/2020 | ANSWER FIRST AMENDED ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY |
| 4/24/2020 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | 4/24/2020 | | 2 | | | |
| 4/22/2020 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | WILLIAMS, WINFIELD SHARP | SANTIAGO, MARTHA |
| 3/16/2020 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 3/16/2020 | ANSWER ORIGINAL PETITION | | | 0 | | TULLOCH, TONI-ANN RHEA | VINSON, ARRON |
| 3/16/2020 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 1/31/2020 | ORIGINAL PETITION | | | 0 | | WILLIAMS, WINFIELD SHARP | SANTIAGO, MARTHA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED | 1/31/2020 | 2/4/2020 | 5/14/2020 | | | 73720812 | E-MAIL |
| | 1999 BRYAN ST SUITE 900 DALLAS TX 75201 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 1/31/2020 | 2/4/2020 | 2/20/2020 | | | 73720816 | E-MAIL |
| | 3332 DOROTHY LN WYLIE TX 75098 | | | | | | | | | |

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|-------------|---------------|-------------|--------------------|------|---------|-------|
| 4/28/2020 | 4/24/2020 | | 0 | VINSON, ARRON | 3332 DOROTHY LN, WYLIE, TX 75098 | |
| 4/28/2020 | 4/24/2020 | | 0 | TULLOCH, TONI | 50 BRIAR HOLL, HOUSTON, TX 77027 | 832-675-0800 |
| 4/28/2020 | 4/24/2020 | | 0 | WILLIAMS, WINFIELD SHARP | 9805 KATY FREEW, HOUSTON, TX 77024 | 713-773-3380 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90844864 | Defendant Allstate Fire and Casualty Ins. Co.'s Original Answer and Demand for Jury Trial | | 06/05/2020 | 2 |
| 90646624 | Citation- Allstate Fire and Casualty Insurance Company | | 05/20/2020 | 2 |
| 90350188 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | | 04/24/2020 | 2 |
| 90360159 | Request for Issuance - Allstate | | 04/24/2020 | 1 |
| 90320330 | Proposed Partial Order of Dismissal | | 04/22/2020 | 2 |
| 90326514 | Plaintiff's First Amended Petition and Request for Disclosure | | 04/22/2020 | 9 |
| 90058814 | Plaintiff's Certificate of Service of Medical Records and Billing Records Affidavits | | 03/26/2020 | 3 |
| 89919501 | Defendant Original Answer | | 03/16/2020 | 2 |
| 89598725 | Citation | | 02/25/2020 | 2 |
| 89208150 | Plaintiff's Original Petition and Discovery Requests | | 01/31/2020 | 10 |
| ·> 89208151 | Request for Issuance of Service | | 01/31/2020 | 1 |
| ·> 89208152 | Request for Issuance of Service | | 01/31/2020 | 1 |

1/31/2020 4:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40474724
By: Carolina Salgado
Filed: 1/31/2020 4:25 PM

# 2020-07218 / Court: 295

### CAUSE NO. _____

| | | |
|---|---|---|
| **MARTHA SANTIAGO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ARRON VINSON and** | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MARTHA SANTIAGO, hereby files this Original Petition, and complains of ARRON VINSON and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Defendants herein, and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.     Discovery in this case is to be conducted under Level 3 of the Texas Rules of Civil Procedure, as the Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### II.
### PARTIES

2.     Plaintiff, Martha Santiago, is a natural person residing in Houston, Harris County, Texas.

3.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (hereinafter referred to as "Defendant" or "ALLSTATE") is an insurance company and may be

served with process by serving its registered agent for service of process, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4.      Defendant ARRON VINSON (hereinafter referred to as "Defendant" or "VINSON") is an individual who is domiciled in Collin County, Texas, and may be served with process at Defendant's residence, located at 3332 Dorothy Ln., Wylie, Texas 75098, or wherever he may be found for service of process.

### III.
### VENUE AND JURISDICTION

5.      Venue is proper in Harris County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

6.      Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.  This Court has personal jurisdiction over all parties as set out in paragraph II.  The Court has specific jurisdiction over ALLSTATE as the claims arise out of ALLSTATE's purposeful and meaningful contacts with a Texas Plaintiff.  The Court has general jurisdiction over ALLSTATE since the Defendant has continuous, systematic, meaningful and purposeful contacts in Texas that gives rise to general jurisdiction.

### IV.
### FACTS

7.      On or about August 3, 2019, Martha Santiago was traveling south in the left lane of the 2100 block of Aldine Westfield Road. At the same date and time, Defendant VINSON was traveling west in the center lane in the 3100 block of FM 1960. As the Plaintiff began to enter the intersection, Defendant VINSON suddenly, violently, and without warning, ran the red light and

slammed into the Plaintiff's vehicle. The Defendant received a citation running the red light. The collision caused Martha Santiago to sustain serious bodily injuries.

8.      Plaintiff Martha Santiago was covered by an insurance policy issued by ALLSTATE.  The policy number was 829992649 and was in effect at the time of the occurrence in question. Furthermore, the policy provided uninsured and underinsured motorist coverage to the Plaintiff in the amount of $30,000.00 per person, and $2,500.00 in PIP.

9.      Additionally, ALLSTATE is not an eligible surplus-lines insurer as ALLSTATE is licensed in Texas, with license number 93598, and the insurance policy in question is not a policy that qualifies as a policy that could not be obtained, after a diligent search, from an insurer authorized to write and actually writing the kind and class of insurance that is in dispute.  As a result, ALLSTATE is only permitted 15 days under the Insurance Code to acknowledge, investigate, request information, and accept or deny a first party claim—such as the claim in this case.

10.     Plaintiff presented an uninsured/underinsured motorist claim to ALLSTATE. ALLSTATE stated that it would provide coverage for the claim, but did not pay a fair, just or reasonable amount for PIP and uninsured/underinsured motorist benefits.

**V.**
**NEGLIGENCE OF ARRON VINSON**

11.     The negligence of Defendant VINSON was a proximate cause of the collision. Defendant VINSON had a duty to exercise reasonable care, and Defendant VINSON breached such duty by the following acts and/or omissions, including but not limited to:

a.  Failing to control the speed of the vehicle;

b.  Failing to stop at a red light;

c.  Failing to maintain an assured clear distance to avoid the collision;

d.  Failing to pay attention to the driving conditions;

e.  Operating the vehicle at a greater rate of speed than was reasonably prudent;

f.  Failing to take proper evasive action;

g.  Failing to timely apply the brakes;

h.  Failing to avoid the  collision;

i.  Failing to maintain a proper lookout;

j.  Failing to drive in a reasonably attentive manner;

k.  Violating the terms and provisions of the TEXAS TRANSPORTATION CODE and the Texas Driver's Handbook; and,

l.  Each of the above referenced acts or omission by Defendant VINSON, singularly or in combination, directly and/or proximately, caused the Plaintiff's injuries and damages.

**VI.**
**GROSS NEGLIGENCE OF DEFENDANT ARRON VINSON**

12.  The collision made the basis of this suit and the resulting injuries and damages to Plaintiff was proximately caused by Defendant VINSON. Such wanton and reckless disregard for the safety of Plaintiff, consisted of, but is not limited to, the following acts and/or omissions:

a.  Failing to control the speed of the vehicle;

b.  Failing to stop at a red light;

c.  Failing to maintain an assured clear distance to avoid the collision;

d.  Failing to pay attention to the driving conditions;

e.  Operating the vehicle at a greater rate of speed than was reasonably prudent;

f.  Failing to take proper evasive action;

g.  Failing to timely apply the brakes;

h.  Failing to avoid the collision;

    i.   Failing to maintain a proper lookout;

    j.   Failing to drive in a reasonably attentive manner;

    k.   Violating the terms and provisions of the TEXAS TRANSPORTATION CODE and the Texas Driver's Handbook; and,

    l.   Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

13.    Each of these acts and/or omission of Defendant VINSON constitutes a wanton and reckless disregard for the safety of the Plaintiff, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to the Plaintiff as described below.

14.    When viewed objectively from the standpoint of Defendant VINSON at the time of its occurrence, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, he was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Plaintiff sues for exemplary damages in an amount to be determined by the trier of the fact.

## VII.
## NEGLIGENCE PER SE OF ARRON VINSON

15.    Defendant VINSON's violations of local ordinances and state traffic laws constitute negligence per se. His negligence per se was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages. Defendant VINSON's violations of local ordinances and state traffic laws include the following:

a.    Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.401, whereby VINSON drove the vehicle in willful or wanton disregard for the safety of persons;

b.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE § 545.351, whereby VINSON failed to control the speed of the vehicle as necessary to avoid a collision; and

c.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE § 545.151, whereby VINSON failed to stop, yield, and grant immediate use of the intersection: (A) in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; and in violation of the law, proceeded into the intersection when it could not be safely entered without interference or collision with traffic using a different street or roadway.

16.   Pursuant to TEXAS TRANSPORTATION CODE § 545.151 (f), an operator who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision or interferes with other traffic at the intersection to whom right-of-way is to be given is presumed not to have yielded the right-of-way

17.   Defendant VINSON failed to comply with the above provisions of the TEXAS TRANSPORTATION CODE. Plaintiff is within the class of persons designed to be protected by the above referenced statutes. As such, Defendant VINSON conduct constituted negligence *per se*, that is, negligence as a matter of law. Defendant VINSON's negligence *per se* was a direct and proximate cause of the collision and Plaintiff's personal injuries and damages.

**VIII.**
**CAUSES OF ACTION AGAINST ALLSTATE**

**A.  DECLARATORY RELIEF – ACTION FOR UIM BENEFITS**

18.   The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

19.   On August 3, 2019, Plaintiff was insured under an automobile policy from ALLSTATE (hereinafter referred to as the "Policy"). The Policy is further identifiable as policy number 829992649.

20.     By virtue of the Policy, ALLSTATE promised, in relevant part, to properly evaluate any UIM claims made and pay damages that a covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an incident.

21.     On or about August 3, 2019, during the effective period for which coverage was provided Plaintiff under the Policy, the Plaintiff was severely injured by the negligence/gross negligence of a third party. The impact occurred with such force that Plaintiff sustained serious bodily injures. Plaintiff further alleges that VINSON was underinsured, and ALLSTATE, through its actions and/or omissions, is heretofore estopped to deny that Plaintiff was struck and injured by an underinsured driver.

22.     Following the collision referenced above, Plaintiff gave notice to ALLSTATE as required under the Policy, and otherwise complied with all the terms of the Policy as a condition precedent to bringing the instant suit. Plaintiff maintains that she is entitled to the Underinsured Motorists Coverage under the Policy given her injuries; her past and future pain and suffering; her past and future mental anguish; her past and future impairment and disfigurement; her past and future medical expenses; and other consequences of the subject collision. However, Defendant made no evaluation of the claim at all.

## IX.
## DAMAGES OF PLAINTIFF

23.     As a direct and proximate result of the uninsured driver's negligence described herein, the Plaintiff incurred medical expenses in the past and, in all probability, such medical expenses will continue into the future. Defendants are liable for those damages.

24.     As a direct and proximate result of the uninsured driver's negligence described herein, the Plaintiff experienced physical pain and suffering in the past and, in all reasonably

probability, will sustain physical pain and suffering in the future. Defendants are liable for those damages.

25.     As a direct and proximate result of the underinsured driver's negligence and the subsequent actions and/or omissions of Defendants described herein, the Plaintiff experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future. Defendants are liable for those mental anguish damages as well as for the mental anguish caused by Defendants' own actions.

26.     As a direct and proximate result of the underinsured driver's negligence described herein, the Plaintiff experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future. Defendants are liable for those damages.

27.     Plaintiff also plead for exemplary damages in an amount within the jurisdictional limits of this Court.

28.     As a result of Defendants' actions and/or omissions, the Plaintiff has been forced to seek counsel. Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to Tex. Ins. Code §541 & 542, Plaintiff hereby makes this written presentment of their claim for attorney fees.

29.     The amount of Plaintiff's damages is substantial and in excess of the jurisdictional minimums of this Court. Furthermore, the determination of these elements of damages is within the jury's province, and Plaintiff seeks the jury's evaluation. However, pursuant to Texas Rules of Civil Procedure 47, Plaintiff, at this time, seeks monetary relief over $200,000.00, but not more than $1,000,000.00. Plaintiff reserves the right to re-plead in a different amount as discovery progresses, should future conditions warrant such change.

## X.
## JURY DEMAND

30.     Plaintiff hereby requests a trial by jury.

## XI.
## REQUEST FOR DISCLOSURE TO DEFENDANTS

31.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff hereby requests Defendants to disclose within fifty (50) days of service of this Petition and this request, the information and material described in T.R.C.P. 194.2(a)-(1).

## XII.
## DISCOVERY TO DEFENDANT ARRON VINSON

32.     Attached to this Petition, and marked as exhibits hereto, are certain discovery responses, including:

Exhibit 1:     Plaintiff's First Set of Interrogatories to Defendant VINSON.

Exhibit 2:     Plaintiff's First Request for Admissions to Defendant VINSON.

Exhibit 3:     Plaintiff's First Request for Production to Defendant VINSON.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein. Plaintiff also prays that upon final hearing of this cause, that Plaintiff is awarded a judgment against the Defendants for all damages described herein, including actual damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

/s/ *Winfield S. Williams*
**Robert S. Kwok**
SBN:  00789430
**Winfield S. Williams**
SBN: 24090848
Email: wwilliams@kwoklaw.com
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: 713.773.3380
Facsimile:  713.773.3960

**ATTORNEYS FOR PLAINTIFF**

3/16/2020 3:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41697407
By: Kevin Childs
Filed: 3/16/2020 3:17 PM

CAUSE NO. 2020-07218

| | | |
|---|---|---|
| MARTHA SANTIAGO | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ARRON VINSON AND ALLSTATE | § | |
| FIRE AND CASUALTY INSURANCE | § | |
| COMPANY | § | 295TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Arron Vinson, Defendant, hereby replies to the Plaintiff's pleading on file herein, and would respectfully show unto the Court as follows:

I.

Subject to such stipulations and admissions as may hereafter be made, this Defendant asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that the Plaintiff be required to prove all allegations against this Defendant by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

II.

Defendant denies and continues to deny that Defendant is liable to the Plaintiff. Without waiving same, Defendant may further show that Plaintiff was not likely injured as a result of the accident in question, or in the alternative that not all of the injuries claimed likely resulted from the accident in question. Defendant therefore specifically requests that the jury be instructed not to consider as an element of damages any recovery for damages not resulting from the incident in question.

1

III.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby makes demand and application for jury trial.

WHEREFORE, Defendant requests that upon final hearing hereof, this Defendant have judgment that Plaintiff take nothing by way of this cause of action, and that this Defendant have such other and further relief, both general and special, at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,
LAW OFFICE OF CLINEBELL YBORRA & MADARIAGA

/s/ *Toni Tulloch*

_____

TONI TULLOCH
SBN:  24110455
50 Briar Hollow Ln., Suite 505W
Houston, TX 77027
Telephone: 832-675-0800
Facsimile:  832-675-0805
totulloch@geico.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 16th day of March, 2020.

/s/ *Toni Tulloch*

_____

Toni Tulloch

2

CAUSE NO. 2020-07218

| | | |
|---|---|---|
| **MARTHA SANTIAGO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ARRON VINSON and** | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendants.** | § | **295th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MARTHA SANTIAGO, hereby files this Original Petition, and complains of

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Defendants herein, and for

cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.      Discovery in this case is to be conducted under Level 3 of the Texas Rules of

Civil Procedure.

### II.
### PARTIES

2.      Plaintiff, Martha Santiago, is a natural person residing in Houston, Harris County,

Texas.

3.      Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

(hereinafter referred to as "Defendant" or "ALLSTATE") is an insurance company and may be

served with process by serving its registered agent for service of process, CT Corporation

System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## III.
## VENUE AND JURISDICTION

4.      Venue is proper in Harris County, Texas, pursuant to §15.002 of the Texas Civil

Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to

the claim occurred in Harris County, Texas.

5.      Jurisdiction is proper because the amount in controversy exceeds the minimum

jurisdictional limits of this Court. This Court has personal jurisdiction over all parties as set out

in paragraph II. The Court has specific jurisdiction over ALLSTATE as the claims arise out of

ALLSTATE's purposeful and meaningful contacts with a Texas Plaintiff. The Court has general

jurisdiction over ALLSTATE since the Defendant has continuous, systematic, meaningful and

purposeful contacts in Texas that gives rise to general jurisdiction.

## IV.
## FACTS

6.      On or about August 3, 2019, Martha Santiago was traveling south in the left lane

of the 2100 block of Aldine Westfield Road. At the same date and time, Arron Vinson was

traveling west on FM 1960. As the Plaintiff entered the intersection, Arron Vinson suddenly,

violently, and without warning, ran the red light and collided with the Plaintiff's vehicle. Arron

Vinson received a citation running the red light. The collision caused Martha Santiago to sustain

serious bodily injuries.

7.      Plaintiff Martha Santiago was covered by an insurance policy issued by

ALLSTATE. The policy number was 829992649 and was in effect at the time of the occurrence

in question. Furthermore, the policy provided uninsured and underinsured motorist coverage to

the Plaintiff in the amount of $30,000.00 per person, and $2,500.00 in PIP.

8.      Additionally, ALLSTATE is not an eligible surplus-lines insurer as ALLSTATE

is licensed in Texas, with license number 93598, and the insurance policy in question is not a

policy that qualifies as a policy that could not be obtained, after a diligent search, from an insurer authorized to write and actually writing the kind and class of insurance that is in dispute. As a result, ALLSTATE is only permitted 15 days under the Insurance Code to acknowledge, investigate, request information, and accept or deny a first party claim—such as the claim in this case.

9.    Plaintiff presented an uninsured/underinsured motorist claim to ALLSTATE. ALLSTATE stated that it would provide coverage for the claim, but did not pay a fair, just or reasonable amount for PIP and uninsured/underinsured motorist benefits.

## V.
## NEGLIGENCE OF ARRON VINSON

10.    The negligence of Arron Vinson  was a proximate cause of the collision. Arron Vinson  had a duty to exercise reasonable care, and Arron Vinson  breached such duty by the following acts and/or omissions, including but not limited to:

a.  Failing to control the speed of the vehicle;

b.  Failing to stop at a red light;

c.  Failing to maintain an assured clear distance to avoid the collision;

d.  Failing to pay attention to the driving conditions;

e.  Operating the vehicle at a greater rate of speed than was reasonably prudent;

f.  Failing to take proper evasive action;

g.  Failing to timely apply the brakes;

h.  Failing to avoid the. collision;

i.  Failing to maintain a proper lookout;

j.  Failing to drive in a reasonably attentive manner;

k.  Violating the terms and provisions of the TEXAS TRANSPORTATION CODE and the Texas Driver's Handbook; and,

l.   Each of the above referenced acts or omission by Arron Vinson , singularly or in combination, directly and/or proximately, caused the Plaintiff's injuries and damages.

### VI.
### GROSS NEGLIGENCE OF ARRON VINSON

11.   The collision made the basis of this suit and the resulting injuries and damages to Plaintiff was proximately caused by Arron Vinson . Such wanton and reckless disregard for the safety of Plaintiff, consisted of, but is not limited to, the following acts and/or omissions:

a.   Failing to control the speed of the vehicle;

b.   Failing to stop at a red light;

c.   Failing to maintain an assured clear distance to avoid the collision;

d.   Failing to pay attention to the driving conditions;

e.   Operating the vehicle at a greater rate of speed than was reasonably prudent;

f.   Failing to take proper evasive action;

g.   Failing to timely apply the brakes;

h.   Failing to avoid the collision;

i.   Failing to maintain a proper lookout;

j.   Failing to drive in a reasonably attentive manner;

k.   Violating the terms and provisions of the TEXAS TRANSPORTATION CODE and the Texas Driver's Handbook; and,

l.   Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

12.   Each of these acts and/or omission of Arron Vinson  constitutes a wanton and reckless disregard for the safety of the Plaintiff, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to the Plaintiff as described below.

13.     When viewed objectively from the standpoint of Arron Vinson at the time of its occurrence, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, he was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Plaintiff sues for exemplary damages in an amount to be determined by the trier of the fact.

## VII.
## NEGLIGENCE PER SE OF ARRON VINSON

14.     Arron Vinson 's violations of local ordinances and state traffic laws constitute negligence per se. His negligence per se was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages. Arron Vinson 's violations of local ordinances and state traffic laws include the following:

a.      Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.401, whereby VINSON drove the vehicle in willful or wanton disregard for the safety of persons;

b.      Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE § 545.351, whereby VINSON failed to control the speed of the vehicle as necessary to avoid a collision; and

c.      Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE § 545.151, whereby VINSON failed to stop, yield, and grant immediate use of the intersection: (A) in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; and in violation of the law, proceeded into the intersection when it could not be safely entered without interference or collision with traffic using a different street or roadway.

15.     Pursuant to TEXAS TRANSPORTATION CODE § 545.151 (f), an operator who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision or interferes with other traffic at the intersection to whom right-of-way is to be given is presumed not to have yielded the right-of-way

16. Arron Vinson failed to comply with the above provisions of the TEXAS TRANSPORTATION CODE. Plaintiff is within the class of persons designed to be protected by the above referenced statutes. As such, Arron Vinson's conduct constituted negligence *per se*, that is, negligence as a matter of law. Arron Vinson 's negligence *per se* was a direct and proximate cause of the collision and Plaintiff's personal injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST ALLSTATE

### A. DECLARATORY RELIEF – ACTION FOR UIM BENEFITS

17. The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

18. On August 3, 2019, Plaintiff was insured under an automobile policy from ALLSTATE (hereinafter referred to as the "Policy"). The Policy is further identifiable as policy number 829992649.

19. By virtue of the Policy, ALLSTATE promised, in relevant part, to properly evaluate any UIM claims made and pay damages that a covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an incident.

20. On or about August 3, 2019, during the effective period for which coverage was provided Plaintiff under the Policy, the Plaintiff was severely injured by the negligence/gross negligence of a third party. The impact occurred with such force that Plaintiff sustained serious bodily injures. Plaintiff further alleges that VINSON was underinsured, and ALLSTATE, through its actions and/or omissions, is heretofore estopped to deny that Plaintiff was struck and injured by an underinsured driver.

21.     Following the collision referenced above, Plaintiff gave notice to ALLSTATE as required under the Policy, and otherwise complied with all the terms of the Policy as a condition precedent to bringing the instant suit. Plaintiff maintains that she is entitled to the Underinsured Motorists Coverage under the Policy given her injuries; her past and future pain and suffering; her past and future mental anguish; her past and future impairment and disfigurement; her past and future medical expenses; and other consequences of the subject collision. However, Defendant made no evaluation of the claim at all.

### IX.
### DAMAGES OF PLAINTIFF

22.     As a direct and proximate result of the uninsured driver's negligence described herein, the Plaintiff incurred medical expenses in the past and, in all probability, such medical expenses will continue into the future. Defendants are liable for those damages.

23.     As a direct and proximate result of the uninsured driver's negligence described herein, the Plaintiff experienced physical pain and suffering in the past and, in all reasonably probability, will sustain physical pain and suffering in the future. Defendants are liable for those damages.

24.     As a direct and proximate result of the underinsured driver's negligence and the subsequent actions and/or omissions of Defendants described herein, the Plaintiff experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future. Defendants are liable for those mental anguish damages as well as for the mental anguish caused by Defendants' own actions.

25.     As a direct and proximate result of the underinsured driver's negligence described herein, the Plaintiff experienced physical impairment or physical incapacity in the past and, in all

reasonable probability, will sustain physical impairment or physical incapacity in the future. Defendants are liable for those damages.

26.     Plaintiff also plead for exemplary damages in an amount within the jurisdictional limits of this Court.

27.     As a result of Defendants' actions and/or omissions, the Plaintiff has been forced to seek counsel. Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to Tex. Ins. Code §541 & 542, Plaintiff hereby makes this written presentment of their claim for attorney fees.

28.     The amount of Plaintiff's damages is substantial and in excess of the jurisdictional minimums of this Court. Furthermore, the determination of these elements of damages is within the jury's province, and Plaintiff seeks the jury's evaluation. However, pursuant to Texas Rules of Civil Procedure 47, Plaintiff, at this time, seeks monetary relief not more than $70,000.00. Plaintiff reserves the right to re-plead in a different amount as discovery progresses, should future conditions warrant such change.

## XI.
## REQUEST FOR DISCLOSURE TO DEFENDANT

29.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff hereby requests Defendant to disclose within fifty (50) days of service of this Petition and this request, the information and material described in T.R.C.P. 194.2(a)-(1).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein. Plaintiff also prays that upon final hearing of this cause, that Plaintiff is awarded a judgment against the Defendants for all damages described herein, including actual

damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,
**KWOK DANIEL LTD., L.L.P.**

*/s/ Winfield S. Williams*
**Robert S. Kwok**
SBN: 00789430
**Winfield S. Williams**
SBN: 24090848
Email: wwilliams@kwoklaw.com
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: 713.773.3380
Facsimile: 713.773.3960
**ATTORNEYS FOR PLAINTIFF**

4/22/2020 10:15 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42469222
By: Kenya Kossie
Filed: 4/22/2020 10:15 AM
Pgs-2

11E

CAUSE NO. 2020-07218

| | | |
|---|---|---|
| MARTHA SANTIAGO | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ARRON VINSON AND ALLSTATE | § | 295TH JUDICIAL DISTRICT |
| FIRE AND CASUALTY INSURANCE | § | |
| COMPANY | | |

## **PARTIAL FINAL ORDER OF DISMISSAL**

BE IT REMEMBERED on this day came on for consideration the above entitled and numbered cause, wherein Martha Santiago is Plaintiff, and Arron Vinson is Defendant. All matters in controversy have been compromised and settled and the consideration therefore paid in full. The parties thereupon jointly requested the Court to enter Judgment dismissing the claims of the Plaintiff, with prejudice to the right to refile, with all court costs to be taxed against the party incurring same.

Accordingly, it is ORDERED, ADJUDGED and DECREED that this suit be and it is hereby dismissed with prejudice, and the Defendant, Arron Vinson, is hereby in all things discharged. All costs of Court are taxed against the party incurring same.

All relief sought herein by any of the parties hereto which is not expressly granted is denied. This judgment is final and disposes of Defendant, Arron Vinson and claims against him.

SIGNED this the _____ day of _____, 2020.

Signed:
4/24/2020
9:46 AM

_____
PRESIDING JUDGE

1

APPROVED AND AGREED TO AND ENTRY REQUESTED:

/s/ Winfield S. Williams
_____
Winfield Williams
SBN:  24090848
Kwok Daniel Ltd., L.L.P.
9805 Katy Frwy., Suite 850
Houston, TX 77024
Telephone: 713-773-3380
Facsimile:  713-773-3960
wwilliams@kwoklaw.com
ATTORNEY FOR PLAINTIFF

*Toni Tulloch*
_____
Toni Tulloch
SBN:  24110455
Law Office of Clinebell Yborra & Madariaga
50 Briar Hollow Ln., Suite 505W
Houston, TX 77027
Telephone: 832-675-0800
Facsimile:  832-675-0805
totulloch@geico.com
ATTORNEY FOR DEFENDANT

2

Marilyn Burgess - District Clerk Harris County
Envelope No. 43135182
By: Kenya Kossie
Filed: 5/20/2020 9:27 PM

CAUSE NO.   202007218

RECEIPT NO.                    0.00        EML
                **********        TR # 73720812

PLAINTIFF: SANTIAGO, MARTHA                In The  295th
          vs.                              Judicial District Court
DEFENDANT: VINSON, ARRON                   of Harris County, Texas
                                           295TH DISTRICT COURT
                                           Houston, TX

                       CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY MAY BE SERVED
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN ST SUITE 900   DALLAS  TX  75201
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND DISCOVERY REQUESTS

This instrument was filed on the 31st day of January, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 4th day of February, 2020, under my hand and
seal of said Court.

Issued at request of:                      MARILYN BURGESS, District Clerk
WILLIAMS, WINFIELD SHARP                    Harris County, Texas
9805 KATY FREEWAY, SUITE 850               201 Caroline, Houston, Texas 77002
HOUSTON, TX  77024                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 773-3380
Bar No.: 24090848                          Generated By: SALGADO, CAROLINA  G17//11430774

─────────────────────────────────────────────────────────────────────────────
                   OFFICER/AUTHORIZED PERSON RETURN
Came to hand at 9:30 o'clock A .M. on the 11 day of May , 2020 .
Executed at (address) 1999 Bryan st, suite 900 Dallas, Tx 7520( in
Dallas County at 2:15 o'clock P .M., on the 14 day of May ,
2020 , by delivering to Allstate Fire and Casualty Insurance Company/serving
By certified mail Registered Agent CT corporation defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition
7019 2280 0000 4103 4274  system
attached thereto and I endorsed on said copy of the Citation the date of delivery.
Plaintiffs Original Petition and Discovery Requests
To certify which I affix my hand officially this 19 day of May , 2020 .
Tracking # 7019 2280 0000 4103 4274

FEE: $ _____                     _____
                                           _____ of _____ County, Texas

Paul Nolen  PSC 6218 exp. 12.31.2020  By _____
     Affiant                                           Deputy

On this day, Paul Nolen , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 19 day of May , 2020 .

                                           _____
                                                    Notary Public

MONIQUE GARCIA
Notary Public, State of Texas
Comm. Expires 12-20-2021
Notary ID 129657502

N.INT.CITR.P                    *73720812*



usps tracking

ALL    IMAGES    VIDEOS    MAPS    NEWS    SHOPPING

Sign in    5

Add the Give with Bing extension ▼

15,300,000 Results    Any time ▼

## Track USPS package

70192280000041034274    Track

USPS package #70192280000041034274
www.usps.com

# Delivered: Thu, May 14, 12:15 PM

Processed          In transit          Delivered

| DATE | TIME | LOCATION | STATUS |
|------|------|----------|--------|
| May 14 | 12:15 PM | Dallas, TX, United States | Delivered |
| May 14 | 8:58 AM | Dallas, TX, United States | Out for delivery |
| May 14 | 8:47 AM | Dallas, TX, United States | Arrived at unit |
| May 13 | 9:36 PM | Dallas Tx Distribution Center | Departed USPS regional destination facility |
| May 12 | 1:28 PM | Dallas Tx Distribution Center | Arrived at USPS regional destination facility |

Data from usps.com

### USPS.com® - USPS Tracking®
https://tools.usps.com/go/TrackConfirmAction!input.action
Service / Sample Number. **USPS Tracking** ® 9400 1000 0000 0000 0000 00. Priority Mail ® 9205 5000 0000 0000 0000 00. Certified Mail ® 9407 3000 0000 0000 00. Collect On Delivery Hold For Pickup 9303 3000 0000 0000 0000 00. Global Express Guaranteed ® 82 000 000 00


**Print & Ship from Home**
Start Click-N-Ship®
Mail and Ship image with call to action.


**See what's coming to your mailbox using Informed Delivery**
Learn More
Manage image with call to action.


**Browse Current Stamp Collection**
Shop Now
Store image with call to action.

### Track Packages and Manage Mail | USPS
https://www.usps.com/manage ▼
**USPS** Package Intercept. With **USPS** Package Intercept ® service, you can redirect domestic packages, letters, and flats with a **tracking** or extra services barcode as long as the items have not yet been delivered or released for delivery. Either the sender or the recipient can request to have a shipment redirected as Priority Mail ® back to the sender's address or to a Post Office™ location as ...

### Welcome | USPS
https://www.usps.com ▼
Welcome to **USPS**.com. Find information on our most convenient and affordable shipping and mailing services. Use our quick tools to find locations, calculate prices, look up a ZIP Code, and get **Track** ...

### News about USPS Tracking
bing.com/news


When will my stimulus

When will my stimulus check arrive in the mail? 2 ways you can track it through the USPS
If the IRS is sending your payment in the mail, the US Postal Service can notify


9 Potential Hacks To Escape

---

## United States Postal Service
Agency



The United States Postal Service is an independent agency of the executive branch of the United States federal government responsible for providing postal service in the United States, including its insular areas and associated states. It is one of the few gover... **+**

 Wikipedia   Twitter  Facebook

Customer service: 1 (800) 275-8777

Representative: Chat online on Messenger

Founded: Jul 01, 1971

Headquarters: Washington, D.C., United States

CEO: Megan Brennan (Since 2015)

Written works: The 2000 Commemorative Stamp Yearbook (2000) · The Postal Service Guide to U.S. Stamps (1984) **+**

Data from: Wikipedia · Pinterest · Goodreads · Freebase

Wikipedia text under CC-BY-SA license

Suggest an edit

NOT the official copy or of Marilyn Burgess District

6/5/2020 6:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43529342
By: Kenya Kossie
Filed: 6/5/2020 6:55 PM

## CAUSE NO. 2020-07218

| | | |
|---|---|---|
| **MARTHA SANTIAGO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ARRON VINSON and** | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Defendants.* | § | **295TH JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Fire and Casualty Insurance Company, ("Allstate"), and files this its Original Answer to Plaintiff's First Amended Petition, and would respectfully show unto the Court the following

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Allstate generally denies, each and every, all and singular, the allegations contained within Plaintiff's First Amended Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Allstate herein makes demand for a jury trial in this case.

1

### III.
### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company prays that upon final trial and hearing thereof, Plaintiff recover nothing from Allstate and Allstate goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Allstate may be justly entitled.

Respectfully submitted,

By: __/s/Jay Simon__
    Jay Scott Simon
    State Bar No. 24008040
    jsimon@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY**

### <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 5, 2020, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Robert S. Kwok
Winfield S. Williams
KWOK DANIEL, LTD., LLP
9805 Katy Fwy, Ste. 850
Houston, TX  77024
wwilliams@kwoklaw.com

__/s/Jay Simon__
Jay Scott Simon

2